1  STEVEN W. RITCHESON, ESQ (SBN 174062)
   White Field, Inc.
2  9800 D Topanga Canyon Blvd. #347
   Chatsworth, California 91311
3  Telephone: (818) 882-1030
   Facsimile: (818) 337-0383
4  swritcheson@whitefieldinc.com

5  Attorneys for Plaintiff, MESA VERDE STRATEGIES, LLC

6

7

8                UNITED STATES DISTRICT COURT

9            FOR THE CENTRAL DISTRICT OF CALIFORNIA

10                  LOS ANGELES DIVISION

11                                    Case No. CV10  7524 SVW (VBKx)

12  MESA VERDE STRATEGIES, LLC,

13               Plaintiff,            **COMPLAINT FOR PATENT INFRINGEMENT**

14       v.                           **Jury Trial Demanded**

15  ETRADE FINANCIAL CORPORATION, FMR
    LLC, FOREX CAPITAL MARKETS, LLC,
16  INTERACTIVE BROKERS LLC,
    LETSGOTRADE, INC., OPTIONSXPRESS,
17  INC., PEREGRINE FINANCIAL GROUP, INC.,
    SHAREBUILDER CORPORATION, TD
18  AMERITRADE, INC.
19               Defendants.
20

21

22

23

24

25

26

27

28

                    COMPLAINT FOR PATENT INFRINGEMENT

1

2

### PLAINTIFF'S ORIGINAL COMPLAINT

3       Plaintiff Mesa Verde Strategies, LLC ("Plaintiff"), by and through its undersigned

4   counsel, files this Original Complaint against Etrade Financial Corporation, FMR, LLC, Forex

5   Capital Markets, LLC, Interactive Brokers, LLC, Letsgotrade, Inc., OptionsXpress, Inc.,

6   Peregrine Financial Group, Inc., Sharebuilder Corporation,  and TDAmeritrade, Inc., (collectively

7   "Defendants") as follows:

8                                   ### NATURE OF THE ACTION

9       1.      This is a patent infringement action to stop Defendants' infringement of Plaintiff's

10  United States Patent No. 5,954,793 entitled "*Remote Limit-Setting Information System*" (the

11  "'793 patent"; a copy of which is attached hereto as Exhibit A).  Plaintiff is the exclusive licensee

12  of the '793 patent with respect to the Defendants.  Plaintiff seeks injunctive relief and monetary

13  damages.

14                                         ### PARTIES

15      2.      Plaintiff is a limited liability company organized and existing under the laws of the

16  State of Delaware.  Plaintiff maintains its principal place of business at 1000 North West Street,

17  Suite 1200, Wilmington, DE 19801.  Plaintiff is the exclusive licensee of the '793 patent with

18  respect to the Defendants, and possesses the right to sue for infringement and recover past

19  damages.

20      3.      Upon information and belief, ETrade Financial Corporation ("ETrade") is a

21  corporation organized and existing under the laws of the State of Delaware, with its principal

22  place of business located at 135 East 57th Street, New York, New York 10022.

23      4.      Upon information and belief, FMR, LLC, ("FMR") is a limited liability company

24  organized and existing under the laws of the State of Delaware, with its principal place of

25  business located at 82 Devonshire Street, Boston, Massachusetts 02109.

26      5.      Upon information and belief, Forex Capital Markets, LLC. ("FCM") is a limited

27  liability company organized and existing under the laws of the State of Delaware, with its

28

1    principal place of business located at Financial Square, 32 Old Slip, 10th Floor, New York, New

2    York 10005.

3           6.      Upon information and belief, Interactive Brokers, LLC ("Interactive") is a

4    corporation organized and existing under the laws of the State of South Carolina, with its

5    principal place of business located at One Pickwick Plaza, Greenwich, Connecticut 06830.

6           7.      Upon information and belief, Letsgotrade, Inc. ("LGT") is a corporation organized

7    and existing under the laws of the State of Delaware, with its principal place of business located

8    at 197 State Route 18, Suite 3000, East Brunswick, New Jersey 08816.

9           8.      Upon information and belief, OptionsXpress, Inc. ("OX") is a corporation

10   organized and existing under the laws of the State of Illinois, with its principal place of business

11   located at 311 West Monroe Street, Suite 1000, Chicago, Illinois 60606.

12          9.      Upon information and belief, Peregrine Financial Group, Inc. ("PFG") is a

13   corporation organized and existing under the laws of the State of Iowa, with its principal place of

14   business located at One Peregrine Way, Cedar Falls, Iowa 50613.

15          10.     Upon information and belief, Sharebuilder Corporation ("Sharebuilder") is a

16   corporation organized and existing under the laws of the State of Texas, with its principal place of

17   business located at 83 King Street, Pioneer Square, Seattle, Washington 98104.

18          11.     Upon information and belief, TD Ameritrade, Inc. ("Ameritrade") is a limited

19   liability company organized and existing under the laws of the State of Connecticut, with its

20   principal place of business located at 4211 South 102nd Street, Omaha, Nebraska 68127.

21

22                                  **JURISDICTION AND VENUE**

23          12.     This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et

24   seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.  This Court has subject matter

25   jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

26          13.     The Court has personal jurisdiction over each Defendant because: each Defendant

27   is present within or has minimum contacts with the State of California and the Central District of

28

                                            2
                        COMPLAINT FOR PATENT INFRINGEMENT

California; each Defendant has purposefully availed itself of the privileges of conducting business in the State of California and in the Central District of California; each Defendant has sought protection and benefit from the laws of the State of California; each Defendant regularly conducts business within the State of California and within the Central District of California; and Plaintiff's causes of action arise directly from Defendants' business contacts and other activities in the State of California and in the Central District of California.

14.    More specifically, each Defendant, directly and/or through authorized intermediaries, ships, distributes, offers for sale, sells, and/or advertises (including the provision of an interactive web page) its products and services in the United States, the State of California, and the Central District of California.   Upon information and belief, each Defendant has committed patent infringement in the State of California and in the Central District of California, has contributed to patent infringement in the State of California and in the Central District of California, and/or has induced others to commit patent infringement in the State of California and in the Central District of California.  Each Defendant solicits customers in the State of California and in the Central District of California.  Each Defendant has many paying customers who are residents of the State of California and the Central District of California and who each use each of the respective Defendant's products and services in the State of California and in the Central District of California.

15.    Venue is proper in the Central District of California pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**COUNT I – PATENT INFRINGEMENT**

16.    The '793 patent was duly and legally issued by the United States Patent and Trademark Office on September 21, 1999, after full and fair examination, for systems and methods for setting limits on a remote information system.  Plaintiff is the exclusive licensee of the '793 patent with respect to the Defendants, and possesses all rights of recovery under the '793 patent with respect to the Defendants, including the right to sue for infringement and recover past damages.

COMPLAINT FOR PATENT INFRINGEMENT

17.     Plaintiff is informed and believes that ETrade owns, operates, advertises, controls, sells, and otherwise provides hardware and software for "remotely setting limits on an information processing system," including via the ETrade Mobile Pro software and ETrade trading platform ("the ETrade system").  Upon information and belief, Etrade has infringed and continues to infringe one or more claims of the '793 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for using a remote device to set a selection and limit on a server. More particularly, Plaintiff is informed and believes that ETrade sells and/or requires and/or directs users to access and/or use a software system on a remote device to enter and verify selection and  limit parameters for equities trades prior to transmitting the parameters to a host computer for processing, in a manner claimed in the '793 patent.  Upon information and belief, ETrade has also contributed to the infringement of one or more claims of the '793 patent, and/or actively induced others to infringe one or more claims of the '793 patent via the ETrade system, in this district and elsewhere in the United States.

18.     Plaintiff is informed and believes that FMR owns, operates, advertises, controls, sells, and otherwise provides hardware and software for "remotely setting limits on an information processing system," including via the Fidelity Mobile software and FMR trading platform ("the FMR system").  Upon information and belief, FMR has infringed and continues to infringe one or more claims of the '793 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for using a remote device to set a selection and limit on a server.   More particularly, Plaintiff is informed and believes that FMR sells and/or requires and/or directs users to access and/or use a software system on a remote device to enter and verify selection and  limit parameters for equities trades prior to transmitting the parameters to a host computer for processing, in a manner claimed in the '793 patent.  Upon information and belief, FMR has also contributed to the infringement of one or more claims of the '793 patent, and/or actively induced

1   others to infringe one or more claims of the '793 patent via the FMR system, in this district and

2   elsewhere in the United States.

3        19.    Plaintiff is informed and believes that FCM owns, operates, advertises, controls,

4   sells, and otherwise provides hardware and software for "remotely setting limits on an

5   information processing system," including via the Forex Mobile software and FCM trading

6   platform ("the FCM system").  Upon information and belief, FCM has infringed and continues to

7   infringe one or more claims of the '793 patent by making, using, providing, offering to sell, and

8   selling (directly or through intermediaries), in this district and elsewhere in the United States,

9   systems and methods for using a remote device to set a selection and limit on a server.   More

10  particularly, Plaintiff is informed and believes that FCM sells and/or requires and/or directs users

11  to access and/or use a software system on a remote device to enter and verify selection and  limit

12  parameters for equities trades prior to transmitting the parameters to a host computer for

13  processing, in a manner claimed in the '793 patent.  Upon information and belief, FCM has also

14  contributed to the infringement of one or more claims of the '793 patent, and/or actively induced

15  others to infringe one or more claims of the '793 patent via the FCM system, in this district and

16  elsewhere in the United States.

17       20.    Plaintiff is informed and believes that Interactive owns, operates, advertises,

18  controls, sells, and otherwise provides hardware and software for "remotely setting limits on an

19  information processing system," including via the Interactive Brokers iTWS software and

20  Interactive trading platform ("the Interactive system").  Upon information and belief, Interactive

21  has infringed and continues to infringe one or more claims of the '793 patent by making, using,

22  providing, offering to sell, and selling (directly or through intermediaries), in this district and

23  elsewhere in the United States, systems and methods for using a remote device to set a selection

24  and limit on a server.   More particularly, Plaintiff is informed and believes that Interactive sells

25  and/or requires and/or directs users to access and/or use a software system on a remote device to

26  enter and verify selection and  limit parameters for equities trades prior to transmitting the

27  parameters to a host computer for processing, in a manner claimed in the '793 patent.  Upon

28

1  information and belief, Interactive has also contributed to the infringement of one or more claims

2  of the '793 patent, and/or actively induced others to infringe one or more claims of the '793

3  patent via the Interactive system, in this district and elsewhere in the United States.

4       21.   Plaintiff is informed and believes that LGT owns, operates, advertises, controls,

5  sells, and otherwise provides hardware and software for "remotely setting limits on an

6  information processing system," including via the ChoiceTrade Mobile Trading software and

7  LGT trading platform ("the LGT system").  Upon information and belief, LGT has infringed and

8  continues to infringe one or more claims of the '793 patent by making, using, providing, offering

9  to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United

10 States, systems and methods for using a remote device to set a selection and limit on a server.

11 More particularly, Plaintiff is informed and believes that LGT sells and/or requires and/or directs

12 users to access and/or use a software system on a remote device to enter and verify selection and

13 limit parameters for equities trades prior to transmitting the parameters to a host computer for

14 processing, in a manner claimed in the '793 patent.  Upon information and belief, LGT has also

15 contributed to the infringement of one or more claims of the '793 patent, and/or actively induced

16 others to infringe one or more claims of the '793 patent via the LGT system, in this district and

17 elsewhere in the United States.

18      22.   Plaintiff is informed and believes that OX owns, operates, advertises, controls,

19 sells, and otherwise provides hardware and software for "remotely setting limits on an

20 information processing system," including via the OptionsXpress OX  Mobile software and OX

21 trading platform ("the OX system").   Upon information and belief, OX has infringed and

22 continues to infringe one or more claims of the '793 patent by making, using, providing, offering

23 to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United

24 States, systems and methods for using a remote device to set a selection and limit on a server.

25 More particularly, Plaintiff is informed and believes that OX sells and/or requires and/or directs

26 users to access and/or use a software system on a remote device to enter and verify selection and

27 limit parameters for equities trades prior to transmitting the parameters to a host computer for

28

processing, in a manner claimed in the '793 patent.  Upon information and belief, OX has also contributed to the infringement of one or more claims of the '793 patent, and/or actively induced others to infringe one or more claims of the '793 patent via the OX system, in this district and elsewhere in the United States.

23.   Plaintiff is informed and believes that PFG owns, operates, advertises, controls, sells, and otherwise provides hardware and software for "remotely setting limits on an information processing system," including via the PFGBest Mobile Trading Application software and PFG trading platform ("the PFG system").  Upon information and belief, PFG has infringed and continues to infringe one or more claims of the '793 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for using a remote device to set a selection and limit on a server.  More particularly, Plaintiff is informed and believes that PFG sells and/or requires and/or directs users to access and/or use a software system on a remote device to enter and verify selection and  limit parameters for equities trades prior to transmitting the parameters to a host computer for processing, in a manner claimed in the '793 patent.  Upon information and belief, PFG has also contributed to the infringement of one or more claims of the '793 patent, and/or actively induced others to infringe one or more claims of the '793 patent via the PFG system, in this district and elsewhere in the United States.

24.   Plaintiff is informed and believes that Sharebuilder owns, operates, advertises, controls, sells, and otherwise provides hardware and software for "remotely setting limits on an information processing system," including via the Sharebuilder Mobile software and Sharebuilder trading platform ("the Sharebuilder system").  Upon information and belief, Sharebuilder has infringed and continues to infringe one or more claims of the '793 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for using a remote device to set a selection and limit on a server.  More particularly, Plaintiff is informed and believes that Sharebuilder sells and/or requires and/or directs users to access and/or use a software system on a remote device to

enter and verify selection and  limit parameters for equities trades prior to transmitting the parameters to a host computer for processing, in a manner claimed in the '793 patent.  Upon information and belief, Sharebuilder has also contributed to the infringement of one or more claims of the '793 patent, and/or actively induced others to infringe one or more claims of the '793 patent via the Sharebuilder system, in this district and elsewhere in the United States.

25.    Plaintiff is informed and believes that Ameritrade owns, operates, advertises, controls, sells, and otherwise provides hardware and software for "remotely setting limits on an information processing system," including via, among others, the Ameritrade Market Simplified software and Ameritrade trading platform ("the Ameritrade system").  Upon information and belief, Ameritrade has infringed and continues to infringe one or more claims of the '793 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for using a remote device to set a selection and limit on a server.   More particularly, Plaintiff is informed and believes that Ameritrade sells and/or requires and/or directs users to access and/or use a software system on a remote device to enter and verify selection and  limit parameters for equities trades prior to transmitting the parameters to a host computer for processing, in a manner claimed in the '793 patent.  Upon information and belief, Ameritrade has also contributed to the infringement of one or more claims of the '793 patent, and/or actively induced others to infringe one or more claims of the '793 patent via the Ameritrade system, in this district and elsewhere in the United States.

26.    Each Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

27.    Plaintiff is entitled to recover from the Defendants the damages sustained by Plaintiff as a result of the Defendants' wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

COMPLAINT FOR PATENT INFRINGEMENT

28.     Defendants' infringement of Plaintiff's exclusive rights under the '793 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

**JURY DEMAND**

29.     Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests that the Court find in its favor and against Defendants, and that the Court grant Plaintiff the following relief:

A.  An adjudication that one or more claims of the '793 patent have been infringed, either literally and/or under the doctrine of equivalents, by one or more Defendants and/or by others to whose infringement Defendants have contributed and/or by others whose infringement has been induced by Defendants;

B.  An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendants' acts of infringement together with pre-judgment and post-judgment interest;

C.  That, should one or more of the Defendants' acts of infringement be found to be willful from the time that Defendants became aware of the infringing nature of their actions, which is the time of filing of Plaintiff's Original Complaint at the latest, that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

D.  A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendants from further acts of (1) infringement, (2) contributory infringement, and (3) actively inducing infringement with respect to the claims of the '793 patent;

E.  That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. §285; and

9
COMPLAINT FOR PATENT INFRINGEMENT

F.   Any further relief that this Court deems just and proper.

Respectfully submitted,
**WHITE FIELD, INC.**

Dated: October 7, 2010

Steven W. Ritcheson,
Attorney for Plaintiff
Mesa Verde Strategies, LLC

10
COMPLAINT FOR PATENT INFRINGEMENT