STEVEN H. GENTRY, ESQ. (SBN 68927)
Email: sgentry@bergerkahn.com
BERGER KAHN, A Law Corporation
2 Park Plaza, Suite 650
Irvine, CA 92614-8516
Tel: (949) 474-1880 • Fax: (949) 474-7265

Attorneys for Defendant LETSGOTRADE, INC.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| MESA VERDE STRATEGIES, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>ETRADE FINANCIAL CORPORATION, FMR LLC, FOREX CAPITAL MARKETS, LLC, INTERACTIVE BROKERS LLC, LETSGOTRADE, INC., OPTIONSXPRESS, INC., PEREGRINE FINANCIAL GROUP, INC., SHAREBUILDER CORPORATION, TD AMERITRADE, INC.<br><br>Defendants. | CASE NO. CV10-7524 SVW (VBK)<br><br>DEFENDANT LETSGOTRADE, INC.'S NOTICE OF MOTION TO TRANSFER ACTION TO DISTRICT OF NEW JERSEY; MEMORANDUM OF POINTS AND AUTHORITES; DECLARATIONS OF NEVILLE GOLVALA, PETER SEED AND STEVEN H. GENTRY<br><br>(28 U.S.C. §1404)<br><br>DATE: April 11, 2011<br>TIME: 1:30 p.m.<br>CT. RM.: 6 |

**TO THE HONORABLE STEPHEN V. WILSON, DISTRICT JUDGE, AND TO THE PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on April 11, 2011, at 1:30 p.m., in Courtroom 6 of the above-entitled court, defendant LetsGoTrade, Inc., will move this court for an order transferring the case to the District of New Jersey. This

1  motion is made on the grounds that the action could properly have been brought in
2  that district, and that a transfer to that district would be for the convenience of
3  parties and witnesses, and in the interest of justice.
4      The motion is based upon this notice, the attached memorandum of points
5  and authorities, the attached declarations of Neville Golvala, Peter Seed and Steven
6  H. Gentry, the pleadings and other documents on file in this matter, and such oral
7  and documentary evidence as may be presented at the hearing on the motion.
8      The motion is made following the conference of counsel pursuant to L.R. 7-
9  3, which took place on February 21, 2011.

10
11  DATED: March 9, 2011        BERGER KAHN, A Law Corporation
12
13                                      By: _____
                                           STEVEN H. GENTRY, Esq.
14                                  Attorneys for Defendant LETSGOTRADE, INC.
15
16  B/1306-0001/LETSGOTRADE/PLDGS/MOTION TRANSFER TO DIST NJ
17
18
19
20
21
22
23
24
25
26
27
28

BERGER KAHN
A Law Corporation
P.O. Box 19694
Irvine, CA 92623-9694

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION

Plaintiff Mesa Verde Strategies, LLC, has filed this action for patent infringement. Since the filing of the complaint, plaintiff has dismissed (and presumably settled with) all defendants except LetsGoTrade. California is not the home of any of the parties. The sole connection between this case and the Central District of California appears to be that plaintiff's attorney has his office here. Plaintiff alleges that it is a Delaware limited liability company with its principal place of business in Wilmington, Delaware. (Complaint, ¶ 2.) Defendant LetsGoTrade, Inc. is a Delaware corporation with its principal place of business in East Brunswick, New Jersey. Defendant has no offices or employees outside the State of New Jersey. The defense of the action will necessarily involve documents located at defendant's office and testimony of employees and other witnesses who reside and work in New Jersey. Defendant is unaware of any relevant witnesses or documents resident in the Central District of California.

For all of these reasons, defendant believes this case should be transferred to the District of New Jersey.

## 2. A TRANSFER TO NEW JERSEY IS PROPER FOR THE CONVENIENCE OF PARTIES AND WITNESSES, AND IN THE INTEREST OF JUSTICE

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. §1404(a). It is appropriate to grant this motion upon finding that the case could have been filed in the District of New Jersey, and that the convenience of witnesses and the interest of justice would be served by the transfer. *Hatch v. Reliance Insurance Company*, 758 F.2d 409, 414 (9th Cir. 1985). It is particularly appropriate to transfer a patent infringement case to the district of the defendant's place of business, especially when the plaintiff has

no significant connection with the district in which the action was initially filed. *Cellularvision Technology & Telecommunications LP v. Alltel Corp.*, 508 F.Supp.2d 1186 (D. Fla. 2007); *Volk Corp. v. Art-Pak Clip Art Service*, 432 F.Supp. 1179 (S.D. N.Y. 1977); *General Instrument Corp. v. Mostek Corp.*, 417 F.Supp. 821 (D. Del. 1976).

Venue in New Jersey is clearly proper, since defendant is located there. 28 U.S.C. §§ 1391, 1400. Moreover, based upon the declarations of Neville Golvala and Peter Seed, the convenience of parties and witnesses, and the interest of justice, would be best served by a transfer. Defendant's business operations are in New Jersey. Defendant's software supplier, Market Simplified, Inc. ("MSI") is located in Illinois. The employees who have knowledge of the relationship between defendant and its software supplier are residents of New Jersey. These include Neville Golvala, defendant's President and Chief Executive Officer, who is expected to testify regarding the execution of the contract with MSI; Richard Bertematti, defendant's Chief Technology Officer, who is expected to testify regarding the negotiation of the license with MSI and the implementation of the product at LetsGoTrade; and Peter Seed, defendant's Chief Marketing Officer, who is expected to provide testimony that defendant's mobile software application does not infringe on plaintiff's patent.

There are no witnesses or documents in this case which are located in California. None of the parties is incorporated here, or has an office here. The only connection to the Central District of California is that plaintiff's attorney has his office here. Courts have consistently held that this is not a significant factor in relation to a motion to transfer. *In re Horseshoe Entm't.*, 305 F. 3d 354, 358 (5th Cir. 2002); *Solomon v. Continental Amer. Life Ins. Co.*, 472 F.2d 1043, 1047 (3d Cir. 1973); *Panetta v. SAP America, Inc.* (N.D. Cal. 2005) 2005 U.S. Dist. LEXIS 36813, p.16.

Finally, given that plaintiff is located in Delaware, the District of New Jersey would presumably also be a more convenient forum for plaintiff than would California.

## 3.  CONCLUSION

For all of the above reasons, defendant submits that this case be should be transferred to the District of New Jersey.

Respectfully submitted,

DATED: March 9, 2011          BERGER KAHN, A Law Corporation

By: /s/ Steven H. Gentry
STEVEN H. GENTRY, Esq.
Attorneys for Defendant LETSGOTRADE, INC.

# DECLARATION OF NEVILLE GOLVALA

I, Neville Golvala, declare as follows:

1. I am the President and Chief Executive Officer of defendant LetsGoTrade, Inc., dba ChoiceTrade. LetsGoTrade was incorporated in Delaware in 2000, and has always had its only business location in New Jersey. LetsGoTrade is an online brokerage company, engaged in the business of assisting investors in the purchase and sale of securities. It has no physical business operations in California. Its only connections with California are that its website is accessible in California and that it has a number of California customers.

2. Early last year, LetsGoTrade decided to add the ability to allow clients to access their accounts through cell phone and other mobile devices. We offered our customers software for the mobile application through a license with Market Simplified, Inc. ("MSI"). MSI is based in Illinois and is a subsidiary of INXS Technologies, a company based in India.

3. In defending this case and preparing for trial, LetsGoTrade anticipates that it will offer testimony from the following witnesses, among others, all of whom reside and work in New Jersey:

   a. Neville Golvala, defendant's President and Chief Executive Officer, who is expected to testify regarding the execution of the contract with MSI;

   b. Richard Bertematti, defendant's Chief Technology Officer, who is expected to testify regarding the negotiation of the license with MSI and the implementation of the product at LetsGoTrade; and

   c. Peter Seed, defendant's Chief Marketing Officer, who is expected to provide testimony that defendant's mobile software application does not infringe on plaintiff's patent.

4. It would be expensive, inconvenient and time-consuming to require these individuals to travel to California for a trial in this matter.

5. In addition, all of the relevant documents relating to LetsGoTrade's defense, such as the software license, business communications with MSI, and records relating to our revenues from the mobile application, are located in New Jersey.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 8, 2011 in East Brunswick, New Jersey.

NEVILLE GOLVALA

# DECLARATION OF PETER SEED

I, Peter Seed, declare as follows:

1. I am the Chief Marketing Officer for LetsGoTrade. I reside and work in New Jersey.

2. I graduated from the University of Denver in 1975 with a bachelor's degree in psychology. I further graduated from the University of Denver, Daniels School of Business, in 1977 with a Master's Degree in Business Administration. In connection with that degree, I studied extensively in the fields of patents and patent infringement.

3. I have reviewed plaintiff's patent application. I am familiar with defendant's mobile stock trading software. I am prepared to testify that defendant's software does not infringe on plaintiff's patent.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 8, 2011 in East Brunswick, New Jersey.

*/s/ Peter Seed*
PETER SEED

## DECLARATION OF STEVEN H. GENTRY

I, Steven H. Gentry declare as follows:

1. I am an attorney with Berger Kahn, and I represent defendant LetsGoTrade, Inc. in this action. I make this declaration in support of defendant's motion to transfer this case to the District of New Jersey. I have personal knowledge of the facts contained in this declaration, and if called as a witness, I could testify competently to the matters contained herein.

2. According to the allegations of the complaint in this matter, none of the parties were formed in California or have their offices here. Moreover, since the time the complaint was filed, all defendants except LetsGoTrade have been dismissed.

3. I conducted a search on the website of the Illinois Secretary of State and confirmed that Market Simplified, Inc. is a Delaware corporation doing business in the State of Illinois.

3. The only connection between this case and the Central District of California is the fact that plaintiff's attorney has his office here.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 9, 2011 in Irvine, California.

STEVEN H. GENTRY

# AFFIDAVIT AND DECLARATION OF PROOF OF SERVICE

I am over the age of eighteen years and not a party to the within action. I am employed by Berger Kahn, A Law Corporation, whose business address is: 2 Park Plaza, Suite 650, Irvine, California 92614-8516 ("the firm").

On March 9, 2011, I served the within document(s) described as: **DEFENDANT LETSGOTRADE, INC.'S MOTION TO TRANSFER ACTION TO DISTRICT OF NEW JERSEY; MEMORANDUM OF POINTS AND AUTHORITES; DECLARATIONS OF NEVILLE GOLVALA, PETER SEED AND STEVEN H. GENTRY** (28 USC §1404) on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

**ATTORNEYS FOR PLAINTIFF MESA VERDE STRATEGIES, LLC**
Steven W. Ritcheson, Esq.
White Field, Inc.
9800 D Topanga Canyon Blvd., Suite 347
Chatsworth, CA 91311
(818) 882-1030 ofc
(818) 337-0383 fax
swritcheson@whitefieldinc.com

**BY MAIL** (Code Civ. Proc. §§ 1013a(3)) – I deposited such envelope for processing in the mailroom in our offices. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California, in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 9, 2011, at Irvine, California.



YOLANDA M. JONES