UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MESA VERDE STRATEGIES, LLC, | ) | CV 10-7524 SVW (VBKx) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER GRANTING MOTION TO |
| | ) | TRANSFER VENUE [44] |
| ETRADE FINANCIAL CORPORATION, FMR | ) | |
| LLC, FOREX CAPITAL MARKETS, LLC, | ) | [JS-6] |
| INTERACTIVE BROKERS LLC, | ) | |
| LETSGOTRADE, INC., OPTIONSXPRESS, | ) | |
| INC., PEREGRINE FINANCIAL GROUP, | ) | |
| INC., SHAREBUILDER CORPORATION, | ) | |
| TD AMERITRADE, INC. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## I.  INTRODUCTION

Plaintiff Mesa Verde Strategies LLC ("Mesa Verde") originally filed this patent infringement suit on October 7, 2010, naming Etrade Financial Corporation, FMR LLC, Forex Capital Markets LLC, Interactive Brokers LLC, LetsGoTrade Inc., OptionsExpress Inc., Peregrine Financial Group Inc., Sharebuilder Corporation TD, and Ameritrade Inc. as defendants. Plaintiff has dismissed or settled with all defendants except LetsGoTrade, Inc. ("LetsGoTrade"). On March 9, 2011, LetsGoTrade filed the present Motion to Transfer Action to the District of New

Jersey. The Court finds the matter suitable for resolution without oral argument. Local Rule 7-15. For the reasons stated below, LetsGoTrade's motion is GRANTED.

**II. MOTION TO TRANSFER**

    **A. LEGAL STANDARD**

Pursuant to 28 U.S.C. 1404(a) "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Whether to grant transfer is within the sound discretion of the court and is determined on an individualized basis. <u>Vu v. Ortho-McNeil Pharm., Inc.</u>, 602 F. Supp. 2d 1151, 1155 (N.D. Cal. 2009) (citing <u>Jones v. GNC Franchising, Inc.</u>, 211 F.3d 495, 498-99 (9th Cir. 2000)). In addressing a motion to transfer venue, the moving party must make "a strong showing of inconvenience to warrant upsetting [the plaintiff's] choice of forum." <u>Decker Coal Co. v. Commonwealth Edison Co.</u>, 805 F.2d 834, 843 (9th Cir. 1986). The factors considered in the analysis include:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and

2

>  (8) the ease of access to sources of proof . . . . We also
>  conclude that the relevant public policy of the forum state,
>  if any, is at least as significant a factor in the § 1404(a)
>  balancing.

Jones, 211 F.3d at 498-99.

### B.   DISCUSSION

Defendants do not contest that venue lies in the Central District of California. Whether the District of New Jersey is a more appropriate forum is the present inquiry, which requires analysis of the enumerated factors. Factors briefed by neither party, and for which there is no evidence in the record, will be omitted from the Court's analysis. Notably, Mesa Verde offers no explanation whatsoever for its decision to file suit in this Court. Rather, Mesa Verde devotes its entire Opposition brief to disputing the appropriateness of the District Court of New Jersey as a forum.

**(1) The location where the relevant agreements were negotiated and executed**

This factor is not applicable to the case at hand.

**(2) The state that is most familiar with the governing law**

Although neither party has briefed this issue, patent law is uniform nationally and it is self-evident that neither court would be more familiar with the governing law for this case.

**(3) The plaintiff's choice of forum**

Mesa Verde chose to file its claim in the Central District of California. A plaintiff's choice of forum is typically given a degree of deference. Decker, 805 F.2d at 843. However, while Plaintiff's

choice of venue is usually an important factor for the Court to consider, the issue deserves appreciably less weight when a plaintiff is foreign to the venue chosen. See <u>Glaxo Group Limited v. Genentech, Inc.</u>, 2010 U.S. Dist. LEXIS 46440, at *10 (N.D. Cal. 2010) (Plaintiff corporations based in the United Kingdom and Pennsylvania given less deference in Northern District of California on a motion to transfer); <u>Arete Power, Inc. v. Beacon Power Corp.</u>, 2008 U.S. Dist. LEXIS 111000 (N.D. Cal. Feb. 22, 2008) (Nevada corporation's choice to file in the Northern District of California similarly granted less deference). Here, Mesa Verde is a Delaware limited liability company with its principal place of business in Wilmington, Delaware and thus a foreign plaintiff entitled to less defense in its choice of forum in this district.

**(4) The respective parties' contacts with the forum**

LetsGoTrade is a Delaware corporation with its principal place of business in East Brunswick, New Jersey. (Golvala Decl. ¶ 1). LetsGoTrade has no physical business operations in California, and its only connection to California is that its national website is accessible in California so many of its customers reside in California. (Golvala Decl. ¶ 1).

As discussed, Mesa Verde is a Delaware limited liability company with its principal place of business in Wilmington, Delaware. (Compl. ¶ 2). It seemingly has no connection to the Central District of California except for the fact that its attorney's law firm has an office here, which is of little relevance. <u>Solomon v. Continental Amer. Life Ins. Co.</u>, 472 F.2d 1043, 1047 (3d Cir. 1973) (noting in motion for transfer that "The convenience of counsel is not a factor to be

4

considered"). In any event, Mesa Verde acknowledges that "the prosecuting attorney [and] prosecuting law firm" are based near or in Boston, Massachusetts. (Opp. at 3).

**(5) The contacts relating to the plaintiff's cause of action in the chosen forum**

Mesa Verde contends that LetsGoTrade solicited numerous customers in California and within this district by virtue of its nationwide platform, so the patents were infringed in California. Naturally, this connection applies with equal force to the District of New Jersey.

**(6) The differences in the costs of litigation in the two forums**

Plaintiff asserts that the congestion of the New Jersey courts weighs against transfer because the district court in New Jersey cannot hear the matter in as timely a fashion. While this may be true, this is outweighed by the fact that greater financial costs will be incurred by witnesses and parties litigating the matter in California, which is described in greater detail *supra*.

**(7) The availability of compulsory process to compel attendance of unwilling non-party witnesses**

The Court will not consider this factor, as neither party has briefed it.

**(8) The ease of access to sources of proof**

    **i) Convenience of witnesses**

The convenience of witnesses is a factor of particular importance in a court's assessment of the appropriateness of transfer. <u>Los Angeles Memorial Coliseum Comm'n v. National Football League</u>, 89 F.RD. 497, 501 (C.D. Cal. 1981). LetsGoTrade identifies the following witnesses for trial, all of whom reside in New Jersey: Neville Govala, its President

and Chief Executive Officer; Richard Bertematti, its Chief Technology Officer; and Peter Seed, its Chief Marketing Officer. (Govala Decl. ¶ 3a-c). LetsGoTrade's software supplier, Market Simplified, Inc. ("MSI") is located in Illinois. (Golvala Decl. ¶ 2). Should witnesses from Market Simplified need to appear, California would not be a more convenient forum

    Mesa Verde identifies no potential witnesses for whom California would be a convenient forum. Indeed, the only potential witnesses that Mesa Verde references are the "inventors of the patent-in-suit, [who] are based near or in Boston." (Opp. at 3). The District of New Jersey is a far more convenient forum for all potential witnesses identified.

### ii) Access to relevant documents

    LetsGoTrade asserts that all of the relevant documents relating to its defense are located in New Jersey, such as its software license, business communications with MSI, and records relating to revenues from the mobile application in question. (Govala Decl. ¶ 5). While Mesa Verde speculates that all relevant documents are in electronic format and therefore portable, it has no personal knowledge of this fact. In any event, originals of the relevant documents, which are located in New Jersey, might prove relevant.

### (9) The relevant public policy of the forum state

    Mesa Verde identifies no relevant public policy that militates in favor of adjudicating the case in California. Contrary to Mesa Verde's contentions, the alleged infringements in this case were not localized; LetsGoTrade possesses customers in both California and in New Jersey that allegedly used LetsGoTrade's infringing software. See generally Telepharmacy Solutions, Inc. v. Pickpoint Corp., 238 F.Supp.2d 741

(E.D. Va. 2003). Between the two states, it is apparent that New Jersey has a greater interest in preventing companies with their principal places of business within its borders from infringing on the patents of others. As no party is based in California, California has no similar interest.

**III. CONCLUSION**

    Having weighed the relevant factors, the Court determines that transfer is appropriate. LetsGoTrade's Motion to Transfer Venue is GRANTED. This case shall be transferred to the United States District Court for the District of New Jersey.

    IT IS SO ORDERED.

DATED: April 6, 2011

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE